## BENNINGHOFF ET AL. *v.* EVANGELICAL ASSOCIATION CHURCH.

[No. 3,902.  Filed November 20, 1901.  Rehearing denied January 14, 1902.  Transfer denied February 18, 1902.]

WILLS.—*Descent and Distribution.*—Where real estate is given absolutely to one person with a gift over to another of such portion as may remain undisposed of by the first taker on his death, without issue, the gift over is void, and the fee simple title vests in the first taker.

From DeKalb Circuit Court; *C. W. Watkins*, Special Judge.

Suit by David Benninghoff and others against the Evangelical Association Church of Cleveland, Ohio, to quiet title.  From a judgment for defendant, plaintiffs appeal.  *Reversed.*

*J. W. Baxter, C. M. Brown* and *Griffin & Simmons*, for appellants.

*P. V. Hoffman*, for appellee.

HENLEY, J.—The appellants, twenty-one in number, began this action against appellee to quiet title to certain real estate in De Kalb county. Appellee answered by general denial. There was a trial, finding and judgment in favor of appellee. Upon the trial, it was agreed that the following facts should constitute all of the evidence: "That on the — day of September, 1895, Nathan Benninghoff died in DeKalb county and State of Indiana, leaving in full force his last will and testament, in the words and figures following, to wit: 'In the name of the Benevolent Father of all, I, Nathan Benninghoff, of Concord township, DeKalb county, State of Indiana, do make and publish this, my last will and testament. Item First. It is my will that all my just debts and charges be paid as soon after my death as practicable. Item Second. I will and bequeath to my daughter, Amanda Benninghoff, all my estate, remaining after payment of debts and charges above mentioned, both personal and real and mixed of every description whatsoever, absolutely to use and dispose of as may seem to her best, provided, however, if my said daughter, Amanda, shall die without issue then the remainder of my estate, if there be any, shall descend to the Evangelical Association Church of Cleveland, State of Ohio, but in case my said daughter marries and has heirs to inherit the remainder, if any, said estate shall descend to her heirs, anything herein to the contrary notwithstanding. Item Third. I hereby name and appoint my daughter, Amanda Benninghoff, executor of this my last will and testament. In witness whereof I have hereunto set my hand and seal this twenty-eighth day of September, 1893. Nathan Benninghoff.' The said will was duly executed and duly admitted to probate in the clerk's office of DeKalb county, in the State of Indiana, on the 23rd day of September, 1895, as provided by law, said testator being at the time of his death a resident of said county of DeKalb and State of Indiana, and the owner in fee simple of the real estate described in plaintiffs'

complaint herein, to wit: The west half of the northeast quarter, and the north half of the northeast quarter of the northeast quarter of section thirty-five township thirty-three north, range fourteen east, containing one hundred acres of land, said land being in DeKalb county, in the State of Indiana, which constituted all the real estate which he owned at said time; that he left personal property sufficient to pay and discharge all the debts and liabilities of his estate; that said estate of said Nathan Benninghoff was duly administered by the DeKalb Circuit Court under said will, and the surplus of personal property after paying all the debts of said estate paid over to George L. Lanning as administrator of the estate of said Amanda Benninghoff, deceased, she having died about one week after her said father, intestate, unmarried and without any issue; that said George L. Lanning, as the administrator of said Amanda Benninghoff, duly administered said personal estate in the DeKalb Circuit Court, and fully settled and paid all the debts of said decedent, Amanda Benninghoff, and distributed the balance of the personal estate to the plaintiffs herein, to wit: David Benninghoff, Eliza Sickenger, Mary Benninghoff, Daniel Benninghoff, Mary Mann, Daniel Dickerhoff, Georgia Dickerhoff, William Benninghoff, Mary Ann Sowers, David F. Benninghoff, Solon Lorrah, Joseph Rex, Solomon Rex, Mary Bangham, John Benninghoff, William Dickerhoff and Elizabeth Dickerhoff, as the heirs of said Amanda Benninghoff; that the said plaintiffs now claim to be the owners in fee simple, as tenants in common, and as the next heirs of the said Amanda Benninghoff, deceased, and as such heirs are entitled to the ownership of said lands unless the said defendant, the Evangelical Association Church of Cleveland, Ohio, is entitled to hold the said real estate under and by virtue of said will of Nathan Benninghoff; and that said defendant claims title to said real estate in no other or different way than by virtue of the devise made in said will; and that the only

question for consideration in this case is a proper construction of said will of Nathan Benninghoff, deceased, in connection with the facts and circumstances as herein submitted; it being further agreed that said Amanda Benninghoff and said Nathan Benninghoff were members of said Evangelical Association Church of Cleveland, Ohio." Appellants filed their motion for a new trial, assigning as cause, (1) the finding of the court is not sustained by sufficient evidence; (2) that the finding of the court is contrary to law. This motion the court overruled, and this ruling is assigned as error.

The decision of this case involves the construction of the will of Nathan Benninghoff. If under this will Amanda Benninghoff acquired a fee simple title to the land in question, then appellants, as her heirs at law, are the owners of the land, and the judgment of the trial court must be reversed. Upon the other hand, if Amanda Benninghoff took only a life estate, under the will, then appellee at her death became the rightful owner of the land, and the judgment of the trial court must be affirmed.

The rule of law applicable to the construction of wills with regard to the testator's intention needs no elaboration or restatement here. In the recent cases in this and the Supreme Court, its force and extent have been defined. *Hammond* v. *Croxton*, (Ind. App.) 61 N. E. 596; *Mulvane* v. *Rude*, 146 Ind. 476. The language of the will in question brings it squarely within the operation of the rule of law announced in *Mulvane* v. *Rude*, *supra*, and *Hammond* v. *Croxton*, *supra*. The Supreme Court in the first case cited said: "When real estate is given absolutely to one person with a gift over to another of such portion as may remain undisposed of by the first taker on his death, the gift over is void as repugnant to the absolute property first given; and it is also established law that where an estate is given to a person generally or indefinitely with a power of disposition, it carries a fee, and any limitation over is void for repugnancy."

As is stated in some of the cases, the testator having disposed of the entire estate in the first instance, there is nothing left to be disposed of afterward. A fee simple title carries with it the power of disposition. Our Supreme Court have further said that, "The only exception to this rule is where the testator gives to the first taker an estate for life only, by certain and express terms, and annexes to it the power of disposition. In that particular and special case the devisee for life will not take an estate in fee, notwithstanding the naked gift of a power of disposition." *Mulvane* v. *Rude, supra,* and cases cited.

It is clear that the will here in question did not attempt to give to Amanda Benninghoff an estate for life "by certain and express terms." It therefore does not fall within the exception; and it follows that under the well established rule she took a fee simple title, and the property at her death descended to her heirs. This conclusion results in a reversal of the judgment.

The judgment is reversed, with instructions to the trial court to sustain appellants' motion for a new trial.