Stephen McTigue, Appellee, v. John W. Ettienne and others, Appellants, and Anna Miles and others, Appellees.

**Wills:** construction: estate devised. The following rules are fundamental in the construction of wills: (1) the intent of the testator as gathered from the language of the instrument itself must govern; (2) all parts of a will must be given effect when possible; (3) where there is irreconciliable repugnancy the last clear expression of the testator will govern; (4) the instrument will be so construed as to avoid intestacy when possible. In the instant case it is held that a certain clause in the will gave testator's wife a fee simple title to land covered by a prior devise of the same to her for life.

*Appeal from Sac District Court.*—Hon. Z. A. Church, Judge.

Friday, May 17, 1912.

The facts are stated in the opinion.—*Affirmed.*

*R. L. McCord* for appellants.

*H. C. Vail* and *W. Jackson* for appellees.

Sherwin, J.—This action was brought for the partition of the E. ½ of the N. E. ¼ of section 14, in township 89, range 36, in Sac county, Iowa; the plaintiff alleging that he and the defendants, Anna Miles, A. W. Graham, S. H. Graham, and Jesse Graham, were the absolute owners thereof as the sole heirs at law of Eleanor McTigue, deceased. John W. Ettienne and others, appellants, claim that they and the appellees, Stephen McTigue and Anna Miles, are the absolute owners of the real prop-

erty in controversy as the sole heirs at law of Patrick McTigue. The rights of the several parties are dependent upon the will of Patrick McTigue, which, so far as it is material here, is as follows:

Item 1. I direct that all my just debts and funeral expenses be first paid out of my estate.

Item 2. All the rest, residue and remainder of my estate, real, personal and mixed, of which I may die seised or possessed or to which I may be entitled I will, devise and bequeath as follows:

First. To my beloved wife, Eleanor McTigue, I give and bequeath the following land: The east half (E. ½) of the northeast quarter (N. E. ¼) of section No. fourteen (14), in township No. 89 north, range 36 west, 5th P. M. during her lifetime, which shall be in lieu of all her statutory rights in and to my estate; also I give her two promissory notes I hold against John Been amounting to about $250 absolutely.

Ninth. All the rest, residue and remainder of my estate of which I may die seised I give and bequeath to my beloved wife, Eleanor McTigue.

Both sides concede that the first clause of item 2 of the will gave to Eleanor McTigue a life estate only in the land in controversy. The appellees contend, however, that the ninth clause of said item, the residuary clause, gave to Eleanor McTigue an estate in fee simple in the land in controversy, while appellants insist with much ability that said clause did not enlarge the estate that had been given her under the first clause.

It is, of course, fundamental that in the construction of wills the intent of the testator is to govern, and that such intent is to be determined, if possible, from the language of the instrument itself.

Another canon of construction is that all parts of a will must be given effect, if it can be done; and still another is that, where there is an irreconcilable repugnancy between two clauses of a will, the last clear expression of the will of the testator will supersede preceding provisions.

It is also a general rule that wills will be so construed as to avoid intestacy, when it is possible. *Ross v. Ayrhart,* 138 Iowa, 117; *Busby v. Busby,* 137 Iowa, 57.

In this case the testator expressly stated that he intended to dispose of his entire estate, both real, personal, and mixed, in the will, and the intent thus declared must be given weight in determining the main question presented. If we start, then, with the proposition that the testator clearly intended to dispose of his entire estate by will, can the appellants' contention be sustained without wholly disregarding this declared intention, and further disregarding the residuary clause in so far as it covers the land in controversy? Appellants say that, because of the specific devise of a life estate, the remainder should be excluded from the operation of the residuary clause and go to the heirs of Patrick McTigue. But such a construction of the will would compel us to hold that the testator intended to die intestate as to this land, when he expressly declared to the contrary in the will itself. In parts of the instrument which we have not set out, the testator seems to have mentioned by name all of his children by both marriages, and either made some provision for each, or gave a reason for not doing so. He had forgotten none of them. And after making such provisions and declarations, and after disposing of all his other real estate and the larger part of his personal property, he provided that "all the rest, residue and remainder of my estate of which I may die seised I give and bequeath to my beloved wife. . . ." It will be presumed that he then had in mind the estate in the land in controversy that would remain after his wife's death, as the will then stood, and that he intended to dispose of it in the residuary clause. He had already declared his intention to make disposition of his entire estate, and the residuary clause simply carried out that intention by enlarging the estate in this land specifically given to his wife. Aside from the general principles to

be recognized in the construction of all wills, authorities are of but little value in placing a construction upon particular wills. See however, as supporting our conclusion herein, the following cases: *Ironside v. Ironside et al.,* 150 Iowa, 628, where we held that a life estate was enlarged to a fee-simple estate in a residuary clause of a will. *Johnson v. Bodine,* 108 Iowa, 594, the testator gave a life estate to his two brothers, with remainder to testator's heirs at law, and we held that, as the brothers were heirs at law of the testator, their children inherited the remainder through them. *Davis v. Callahan,* 78 Me. 313, (5 Atl. 73).

We are of the opinion that Eleanor McTigue took title in fee-simple under the will, and the judgment is therefore *affirmed.*