VAUBEL ET AL. *v.* LANG ET AL.

[No. 11,404.    Filed June 19, 1923.    Rehearing denied February 5, 1924.]

1. WILLS.—*Death of Devisee.—Devise Over.—How Construed.*—Where real estate is devised in terms denoting an intention that the primary devisee shall take a fee on the death of the testator, coupled with a devise over in case of his death without issue, courts will hold that the words refer to a death without issue during the lifetime of the testator, unless the contrary appears from the will itself.    p. 100.

2. WILLS.—*Death of Devisee.—Devise Over.—How Construed.*—A devise to two granddaughters, which provided that they were "to have and to hold said real estate subject to the following conditions, viz.: in case either should depart this life leaving no child or children surviving, her share shall go to her sister, and in the event both should depart this life leaving no child or children surviving, then said real estate shall go to my heirs," *held* not to limit the time of the death referred to to the time prior to the testator's death.    p. 100.

3. WILLS.—*Construction.—Testator's Intention.*—In seeking to ascertain the testator's intention, the part of the will under construction must be considered in its relation to all other portions of the will, and, if possible, all must be given effect.    p. 101.

4. WILLS.—*Construction.—Violation of Statute or Rule of Law.—Presumption.*—Where language of a will is susceptible of two constructions, one of which would violate a statute or an established rule of law, and thus nullify a provision of the will, and the other would sustain the same, the latter construction should be given it, since it is presumed that the testator did not intend to violate such statute or rule.    p. 101.

5. WILLS.—*Death of Devisee.—Devise Over.—Power of Alienation Suspended.*—Where a will devised property to two granddaughters of the testator, subject to a condition that in case either should die leaving no child or children surviving, her share should go to her sister, and in the event that both should die leaving no child or children surviving, the real estate should go to his heirs, and further providing that "said children shall not dispose of or encumber said real estate until they are of the age of twenty-one years," *held* that the words "such children" referred to the two granddaughters and not to their possible issue designated as "child or children," for the reason that, as so construed, the provision suspending the power of alienation would not be in conflict with the statute (§3998 Burns 1914, §2962 R. S. 1881).    p. 101.

Vaubel *v.* Lang—81 Ind. App. 96.

6. WILLS.—*Validity.—Valid Clauses with Invalid.*—Where a will contains both valid and invalid clauses, the question whether the valid clauses can stand depends on whether the invalid ones are so interwoven with them that they cannot be eliminated without interfering with and changing the main scheme of the testator in the disposition of his estate.    p. 101.

7. WILLS.—*Validity.—Construction.*—The courts will attribute to a testator an ineffective purpose by the use of any language in his will only where no other construction is possible, as it is to be presumed, the contrary not appearing, that no words were used by the testator for an idle purpose in making a disposition of his estate for the benefit of the objects of his bounty.    p. 103.

8. WILLS.—*Grant of Power to Convey.*—A will giving to two granddaughters of the testator certain property and containing a clause limiting their power of alienation until they arrive at the age of twenty-one years, followed by the clause "after which they may convey the same in fee simple," *held* not a mere expression of an opinion by the testator as to their rights, nor a requirement that such right to convey must be exercised conjointly to be effective, especially since a power to convey, even in the absence of express words to that effect, may arise from necessary implication.    p. 103.

9. WILLS.—*Devise with Power of Disposition.*—A clause in a will devising certain land to the testator's two granddaughters, limiting their power of alienation until they become twenty-one years of age, and then providing that after they reach that age, they may convey the same "in fee simple" will not be construed to authorize only the conveyance of a determinable fee, as a title in fee simple means a title to the whole of a thing absolutely, as contradistinguished from a determinable, conditional, qualified or base fee.    p. 104.

10. WILLS.—*Devise with Power to Convey.—Executory Devise Over Void.*—Where an estate in land is given by will to a person generally or indefinitely, with power of disposition, a fee simple title is created, and a limitation over by way of an executory devise is void for repugnancy, for the reason that when the testator devises a fee to the first taker and then makes the limitation over to another, subject to the right of the first taker to dispose of the same, he gives the latter power to destroy it by alienation.    p. 105.

11. WILLS.—*Devise with Power to Convey.—Postponement of Power.*—The power of disposition which, accompanying a general or indefinite devise, creates an estate in fee simple, need not become effective on the death of the testator, but the right

to exercise such power may be deferred, within the limitations prescribed by the statute against perpetuities, and during the period of such postponement, a determinable fee may exist in the first taker, which will be enlarged into a fee simple upon the happening of the event which marks the limit of the time during which the power of alienation is withheld.   p. 105.

From Gibson Circuit Court; *Robert C. Baltzell,* Judge.

Action by Henry Vaubel and others against William Lang and others, wherein William Lang and others filed separate cross-complaints.   From judgment for the named defendant on his cross-complaint, after withdrawal of the complaint and all other cross-complaints, the plaintiffs appeal.   *Affirmed.*

*John R. Brill, Frank H. Hatfield, John W. Brady* and *Hottel & Patrick,* for appellants.

*William Espenscheid, Thomas Duncan* and *James Prentiss Duncan,* for appellee.

BATMAN, J.—Appellants filed their complaint against appellees to quiet their title to the real estate involved in this action.   Certain of the appellees, including William Lang, filed their separate cross-complaints against appellants.   Appellants filed a demurrer to the cross-complaint of said William Lang, and pending the same, the complaint and all other cross-complaints were withdrawn.   The court thereupon overruled said demurrer, and appellants refusing to plead further, judgment was rendered in favor of said cross-complainant, quieting his title to the real estate in question.   The action of the court in overruling said demurrer constitutes the only error assigned on appeal.

The cross-complaint of said William Lang alleges, in substance, among other things, that he is the owner of the real estate in question (describing it) ; that for more than fifty years prior to July 20, 1908, one Henry Vaubel, Sr., had been the owner and in possession of said real estate: that during said time, he resided there-

on continuously, and the same was known as his homestead; that on said date, he departed this life testate, disposing of said real estate by item 2 of his will, which reads as follows:

"I give and devise to my grandchildren Elizabeth and Hulda Vaubel, children of my son Moritz, my homestead containing 118 acres more or less, to have and to hold the said real estate subject to the following conditions, viz., in case either one should depart this life leaving no child or children surviving them her share shall go to her sister and in the event both should depart this life leaving no child or children surviving, then said real estate shall descend and go to my heirs. Said children shall not dispose of or encumber said real estate until they arrive at the age of 21 years, after which they may convey the same in fee simple, said real estate is described as follows, to-wit: Part of the northeast quarter of section nine (9) township six (6) range twelve (12) estimated to contain 118.76. I give and bequeath to my grandchildren Elizabeth and Hulda Vaubel, children of my deceased son, Moritz, the sum of $150 each."

That said will was duly admitted to probate and fully executed, and the estate of said decedent was thereafter adjudged finally settled; that the said Elizabeth Vaubel was born on October 25, 1895, and died on August 13, 1917, and the said Hulda Vaubel was born in October, 1898, and died on February 13, 1921; that neither was ever married, and each died intestate and without issue; that immediately after the death of said testator, the above-named legatees entered into the possession of said homestead, containing about 118 acres, and they and their grantees have held possession thereof continuously until the commencement of this action; that after said Elizabeth Vaubel reached the age of twenty-one years, she executed to one Kate S. Vaubel a deed, with covenants of warranty, for an undivided one-half of said real estate, subject to a life estate in her favor;

that after said Hulda Vaubel reached the age of twenty-one years, she and said Kate S. Vaubel, executed to the cross-complainant a deed, with covenants of warranty, for all of said real estate; that each of said deeds was executed for a valuable consideration, and was duly acknowledged and properly recorded soon after their execution; that said cross-complainant immediately after the execution of the last named conveyance, entered into the possession of the real estate in question, and so remained continuously until the commencement of this action; that appellants, as heirs of said Henry Vaubel, Sr., and as devisees under his said will, claim some right, title or interest in and to said real estate, which is unfounded, and a cloud upon cross-complainant's title; that appellants do not have, or claim to have, any title or interest in said real estate, other than as such heirs and devisees; that cross-complainant does not have, or claim to have any right to or interest in said real estate, other than the right, title and interest conveyed to him by the deeds above mentioned.

We will first determine whether the event mentioned in said second item of the will, which, if it occurred, would cause the real estate in question to descend 1, 2. to the heirs of said testator, referred to the death, at any time, of said Elizabeth and Hulda Vaubel, leaving no child or children surviving, or to a time prior to the death of the testator. The rule to be observed in determining this question may be stated as follows: Where real estate is devised in terms denoting an intention that the primary devisee shall take a fee on the death of the testator, coupled with a devise over in case of his death without issue, courts will hold that the words refer to a death without issue during the lifetime of the testator, unless the contrary appears from the will itself. *Fowler* v. *Duhme* (1896), 143 Ind. 248, 42 N. E. 623; *Watson* v. *Tracy*

(1921), 77 Ind. App. 163, 133 N. E. 411. An application of this rule leads us to conclude that the testator did not omit in the instant case to indicate when the contingency in which the real estate devised should go to his heirs, as he provided that the primary devisees, Elizabeth and Hulda Vaubel were—"to have and to hold the said real estate subject to the following conditions, viz.: in case either one should depart this life leaving no child or children surviving them her share shall go to her sister and in the event both should depart this life leaving no child or children surviving, then said real estate shall descend and go to my heirs." The fact that they, as devisees, were "to have and to hold" said real estate, subject to certain conditions, a thing they could not do until after the death of the testator, makes it clear that it was not his intention that the occurrence of the event in question should be confined to the time preceding his death. We are fully justified in so holding, without reference to the tendency of courts to seize upon slight circumstances disclosed by wills, in order to avoid the necessity of supplying an omission as to the time of such event, under an arbitrary and artificial rule. *First Nat. Bank* v. *De Pauw* (1896), 75 Fed. 775.

Having made the determination stated above, it would clearly be our duty to reverse the judgment were it not for the presence of the following provision in 3-6. said item 2 of the will under consideration:

"Said children shall not dispose of or encumber said real estate until they arrive at the age of 21 years, after which they may convey the same in fee simple." In seeking to ascertain the intention of the testator, we must consider this provision in its relation to other portions of the will, and, if possible, give it effect. *Hardy* v. *Smith* (1919), 71 Ind. App. 688, 123 N. E. 438; *Fenstermaker* v. *Holman* (1902), 158 Ind. 71, 62 N. E. 699. Appellants have evidently recognized this,

and have presented a number of reasons in support of their contention that such provision does not have the effect of depriving them of the title to said real estate, under the facts alleged.    They assert that the provision of the clause under consideration, which undertakes to suspend the power of alienation, is in conflict with the statute against perpetuities, and hence void, citing §3998 Burns 1914, §2962 R. S. 1881.    So much of said section as is applicable to the facts of the instant case reads as follows:    "The absolute power of aliening lands shall not be suspended by any limitation or condition whatever, contained in any grant, conveyance or devise, for a longer period than during the existence of a life or any number of lives in being at the creation of the estate conveyed, granted, devised and therein specified,    *    *    *"    It is apparent that if the words "said children" by which said clause is introduced, refers to the possible child or children of said Elizabeth and Hulda Vaubel, then appellants' contention should be sustained, but if reference is thereby made to said Elizabeth and Hulda themselves, we must hold otherwise, as the suspension of the power of alienation is not "for a longer period than during the existence of a life or any number of lives in being at the creation of the estate."    *Matlock* v. *Lock* (1905), 38 Ind. App. 281, 73 N. E. 171.    We are inclined to hold, as a matter of first impression, that the words under consideration refer to said Elizabeth and Hulda Vaubel, as they are designated in the first part of said item 2, as "children of my son Moritz," while their possible issue are designated as "child or children."    But, when we go beyond the matter of first impression, we are forced to conclude that the testator intended thereby to refer to said Elizabeth and Hulda, and not their possible issue, under the well-settled rule that where language in a will is susceptible of two constructions, one of which would

violate a statute or an established rule of law, and thus destroy an intended provision, and the other would sustain the same, the latter should be given it, since the law presumes that the testator did not intend to violate such statute or rule. *Coon* v. *Coon* (1918), 187 Ind. 478, 118 N. E. 820; *Herron* v. *Stanton* (1920), 79 Ind. App. 683, 128 N. E. 363; *Singhi* v. *Dean* (1920), 119 Me. 287, 110 Atl. 865; *Pease* v. *Conrell* (1911), 84 Conn. 391, 80 Atl. 86; *Farnam* v. *Farnam* (1910), 83 Conn. 369, 77 Atl. 70; *Haydon* v. *Layton* (1910), (Ky.) 128 S. W. 90; *Barmore* v. *Darragh* (1921), (Tex.) 231 S. W. 472. But if we should hold that the words "said children" refer to the issue of said Elizabeth and Hulda, and that the provision suspending the alienation of the real estate in question was in violation of the statute against perpetuities, and hence void, it would only have the effect, as appellants admit in their brief, of eliminating such part of said clause as relates to such suspension, under the general rule that when there are valid and invalid clauses in a will, the question whether the valid clauses can stand depends upon whether the invalid ones are so interwoven with them that they cannot be eliminated without interfering with and changing the main scheme of the testator in the disposition of his estate. *Reeder* v. *Antrim* (1915), 64 Ind. App. 83, 110 N. E. 568, 112 N. E. 551. In the instant case, it is clear that such provision, if invalid, does not change the main scheme of the testator in the disposition of his estate.

Passing now to that part of the clause under consideration which relates to a conveyance of the real estate in question, we note that appellant contends that it does not confer authority to convey, but merely expresses the testator's opinion of the rights of the primary devisees, Elizabeth and Hulda Vaubel, in that regard, when they arrived at the

age of twenty-one years.   In other words, we are asked to treat the words "after which they may convey the same in fee simple", as mere surplusage.   It is unusual to attribute to a testator an ineffective purpose by the use of any language in a will, and courts will do so only where no other construction is reasonably possible, as it is to be presumed, the contrary not appearing, that no words are used by a testator for an idle purpose in making a disposition of his estate for the benefit of the objects of his bounty.   In the will before us we find nothing which leads us to conclude that the words under consideration were used merely for the purpose of expressing an opinion, or that they conferred a right that must be exercised conjointly, in order to be effective, as appellants finally contend.   This being true, and bearing in mind that a power to convey, even in the absence of express words to that effect, may arise from necessary implication, it is clear that appellants' contention cannot prevail.   *Outland* v. *Bowen* (1888), 115 Ind. 150, 17 N. E. 281, 7 Am. St. 420; *Mulvane* v. *Rude, Exr.* (1896), 146 Ind. 476, 45 N. E. 659; *Gannon* v. *Albright* (1904), 183 Mo. 238, 81 S. W. 1162, 67 L. R. A. 97, 105 Am. St. 471; *Bradley* v. *Carnes* (1894), 94 Tenn. 27, 27 S. W. 1007, 45 Am. St. 696.

But appellant contends that, even if said clause be construed as conferring on said primary devisees the right to convey the real estate, after they arrive at the age of twenty-one years, it only gives them a right to convey the interest given them in the first part of said item 2, viz.: a determinable fee.   We cannot concur in this contention for the following reasons:   (1) To give the clause that meaning would render the power conferred meaningless, since said devisees had such right, viz.: the right to convey their interest after they arrived at the of twenty-one years, without the presence of such clause in the will.

*Foudray* v. *Foudray* (1909), 44 Ind. App. 444, 89 N. E. 499.   (2) The clause expressly states, that they may convey the real estate in *fee simple*.   It has been held repeatedly that a title in *fee simple* means a title to the whole of the thing absolutely, and is contradistinguished from a determinable, conditional, qualified or base fee. *Dumont* v. *Dufore* (1866), 27 Ind. 263; *Fletcher* v. *Fletcher* (1882), 88 Ind. 418; *Indiana, etc., R. Co.* v. *Allen* (1888), 113 Ind. 581, 15 N. E. 446; *Alsman* v. *Walters* (1914), 184 Ind. 565, 106 N. E. 879, 111 N. E. 921.   By the use of these words, which have a fixed and invariable meaning, the testator has clearly indicated the title which said devisees should have the right to convey, after arriving at the age of twenty-one years, and renders the construction for which appellants contend untenable.

Giving the clause we have been considering the construction indicated, we are of the opinion that the item of the will of which it is a part, created a determinable fee in Elizabeth and Hulda Vaubel, with an executory devise in favor of the testator's heirs, which would have ripened into a title in the event that both of the primary devisees had departed this life, prior to the time they arrived at the age of twenty-one years, leaving no child or children surviving them; that said determinable fee of said primary devisees ripened into a fee simple when they arrived at such age, by reason of the power given them to dispose of the absolute title; and that thereafter, the executory devise in favor of such heirs was void.   We assume that the first part of our conclusion, relating to the creation of a determinable fee and an executory devise, requires no argument to support it, and hence, we shall limit a statement of our reasons to those which apply to the latter part thereof, relating to the enlargement of the title of the primary devisees, and the extinguishment of

the executory devise. It is a well-settled rule, that where an estate is given by will to a person generally or indefinitely, with power of disposition, a fee-simple title is created, and a limitation over by way of an executory devise is void. This is true, as is often stated, because the distinguishing properties of an executory devise are its indestructibility, and its total exemption from the power and control of the first taker. As a consequence, when the testator makes the limitation over, subject to the right of the first taker to dispose of the same, he gives the latter a power to destroy it by alienation, thereby creating a repugnancy under which a limitation over cannot exist. *Mulvane* v. *Rude, Exr., supra; Benninghoff* v. *Evangelical, etc., Church* (1901), 28 Ind. App. 374, 61 N. E. 952; *Curry* v. *Curry* (1914), 58 Ind. App. 567, 105 N. E. 951; *Ewart* v. *Ewart* (1919), 70 Ind. App. 167, 123 N. E. 180; *Howard* v. *Carusi* (1883), 109 U. S. 725, 3 Sup. Ct. 575, 27 L. Ed. 1089; *Park* v. *Powledge* (1916), 198 Ala. 172, 73 So. 483, L. R. A. 1917C 1001; *Hull* v. *Calvert* (1920), 286 Mo. 163, 226 S. W. 553; *Van Horne* v. *Campbell* (1885), 100 N. Y. 287, 3 N. E. 316, 771, 53 Am. Rep. 166; *Cornwell* v. *Wulff* (1898), 148 Mo. 542, 50 S. W. 439, 45 L. R. A. 53. The power of disposition, which accompanies a general or indefinite devise, and thus makes the estate granted a fee simple, need not become effective on the death of the testator, but the right to exercise such power may be deferred, within the limitations prescribed by the statute against perpetuities. During such time a determinable fee may exist in the first taker, which will be enlarged into a fee simple, upon the happening of the event that marks the limit of time during which the power of alienation is withheld. *Shimer* v. *Mann* (1884), 99 Ind. 190, 50 Am. Rep. 82; *Matlock* v. *Lock, supra; Sexton* v. *Cronkhite* (1920), 74 Ind. App. 245, 127 N. E. 829. Applying the

law as stated above to the facts in the instant case, it is clear that, as long as the primary devisees were denied the right to convey, as provided in said item 2, their title was a determinable fee, and an executory devise existed in favor of the heirs of the testator, but as soon as the limitation on their right to convey expired, and the power of disposition became effective, the determinable fee of said primary devisees was enlarged into a fee simple, and the executory devise became invalid. For the reasons stated, we hold that the court did not err in overruling the demurrer of appellants to the cross-complaint of appellee William Lang. The judgment is therefore affirmed.