## BILLINGS v. DEPUTY ET AL.

[No. 11,978.  Filed January 29, 1925.  Rehearing denied April
23, 1925.  Transfer denied October 29, 1926.]

1. WILLS.—That a will is prepared by an unskilled person may
be considered in construing it.  p. 251.

2. WILLS.—A will should be construed as a whole and, if possible, so as to avoid intestacy.  p. 251.

3. WILLS.—All the provisions of a will should be upheld unless,
by so doing, the reasonable intent of the testator would be
disregarded.  p. 251.

4. WILLS.—*Testator's intent will control inaccurate and inconsistent expressions.*—Where the testator's intent is clear, it
will control inaccurate and apparently inconsistent expressions.  p. 251.

5. WILLS.—*Testator's intent must be sought in a rational and
consistent purpose.*—Where the testator's intent is obscured by
inaccurate and conflicting expressions, it must be sought in a
rational and consistent purpose rather than in an irrational
or inconsistent purpose.  p. 251.

6. WILLS.—The courts should give effect to the manifest intent
of the testator, as deducted from the language of the will, read
in the light of the circumstances surrounding the testator at
the time of its execution.  p. 251.

7. WILLS.—*Ambiguous and inexact words must be construed in
the sense given them by the testator.*—Words used in a will in
an ambiguous or inexact sense should be construed in the sense
in which they were employed by the testator, if that can be
determined, though such meaning may differ from their ordinary and primary meaning.  p. 251.

8. WILLS.—*Difference in construction of words in a will and in
a deed.*—The construction of words in a will is much less technical than in a deed.  In a deed, the words govern the intention; in a will, the intention governs the words.  p. 251.

9. WILLS.—*Construction must be adopted that will uphold entire
will.*—Where a will is open to two constructions, and one will
give effect to the whole instrument, while the other will destroy a part, the former must be adopted.  p. 251.

10. WILLS.—*Later of two conflicting provisions controls.*—
Where there are conflicting or inconsistent provisions in a
will, the later in position controls, if equally clear and decisive.
p. 251.

11. WILLS.—*Devise to testator's adopted daughter, and others
construed.*—A will bequeathing testator's property to his
adopted daughter, his brothers and sisters then living, and to
the heirs of deceased brothers, "they to get what would be his

share of my estate, * * * each to share equally," was construed to intend an equal division between the adopted daughter, the brothers and sisters living, and the heirs collectively of the deceased brothers, since to construe it otherwise would render the part of the will referring to the brothers and sisters ineffective and destroy the will, thereby rendering the decedent intestate. p. 255.

From Vanderburgh Probate Court; *Elmer Q. Lockyear,* Judge.

Action by Fannie D. Billings against Robert Deputy and others, wherein the defendants filed a cross-complaint. From a judgment for the defendants on their cross-complaint, the plaintiff appeals. *Affirmed.* By the court in banc.

*Luther Benson,* for appellant.

*Charles O. Baltzell* and *Ernest R. Baltzell,* for appellees.

NICHOLS, J.—Action by appellant against appellees.

The complaint is in two paragraphs, the first being an action in statutory form to quiet title to certain real estate in Gibson county and the second an action in ejectment involving the same real estate. Appellees filed a cross-complaint. The cause was put at issue by an answer in denial to the complaint and an answer in denial to the cross-complaint, and was thereafter submitted for trial to the court who, at the request of appellant, filed special findings of fact. It appears by these special findings that Abner G. Deputy died testate in Gibson county, Indiana, on November 17, 1922, and that, at the time of his death, he was the owner in fee simple and in the possession of about 283 acres of land in said county, described in the findings. At the time of his death, and also on March 8, 1922, the said Abner G. Deputy had the following named brothers and sisters, to wit: Appellees Robert Deputy, Anna McCrary and Stella Grunden; that prior to said March

8, 1922, he had two other brothers, namely, Frank Deputy and Charles Deputy, and that both said Frank Deputy and Charles Deputy died prior to March 8, 1922; that said Frank Deputy left as his heirs and only heirs at law his widow, Mary Deputy, Harry Deputy, a son, William Deputy, a son, Helen Starr, a daughter, and Florence Deputy, a daughter; that said Charles Deputy left as his heirs and only heirs at law his two children, namely, Clarence Deputy, a son, and Gladys Bowie, a daughter. That the said heirs of both said Frank Deputy and said Charles Deputy were living March 8, 1922, and also on November 17, 1922; that Earl Starr was on November 17, 1922, and on March 8, 1922, the husband of said Helen Starr. (All of the above named heirs of Frank and Charles Deputy are appellees wherein.)

That the appellant was, on October 30, 1895, duly adopted as the heir at law of said Abner G. Deputy, by order of the Gibson Circuit Court of Gibson county, Indiana, and was, at the time of the death of said Abner G. Deputy, his adopted child and only heir at law; that the will of said Abner G. Deputy was duly probated in the Gibson Circuit Court on November 22, 1922, item I of which provides for the payment of debts and funeral expenses.

Item II is as follows:

"Second: After the payment of such funeral expenses and debts, I give, devise and bequeath to Fannie White Deputy, my adopted daughter, Robert Deputy, Frank Deputy's heirs they to get what would be his share of my estate, Charles S. Deputy's heirs to get what would be his share of my estate, Anna McCrary and Stella Grunden my sister each to share equally and if any one of the above should die before I do then their heirs to receive the share of devise as hereinbefore mentioned."

Item III appoints an executor.

From the facts above found, the court announced as his conclusions of law thereon that the last will and testament of Abner G. Deputy, deceased, is in all respects valid, and that the following named persons are the owners of the real estate described in said finding of facts, in the following proportions, to wit:    One-sixth to Fannie Deputy, an adopted daughter; one-sixth to Robert Deputy, a brother; one-sixth to Anna McCrary, a sister; one-sixth to Stella Grunden, a sister; one-twelfth each to Gladys Bowie and Clarence Deputy, children of Charles Deputy, a brother; one twenty-fourth each to Harry Deputy, William Deputy, Florence Deputy and Helen Starr, children of Frank Deputy, a brother, and that the same was devised to them under said will.

Proper exceptions were taken to these conclusions of law.    Thereafter, appellant filed her motion for a new trial for the reasons that the decision of the court was not sustained by sufficient evidence and that it was contrary to law.    This motion was overruled, after which judgment was rendered in harmony with the foregoing conclusions of law, from which judgment this appeal.

The substantial question presented by appellant on her assignments of error that the court erred in its conclusions of law and in overruling her motion for a new trial is as to the respective rights of the parties in the real estate involved, depending upon the interpretation of item 2 of said will.    It is appellant's contention that this item of the will is absolutely void for repugnancy and uncertainty and for that reason, she, as the only heir is the owner of real estate of which Abner G. Deputy died seized and that appellees have no interest whatever therein.    That the will in question was crudely drawn, and that it was prepared by an unskilled person needs not to be said,

for such fact is apparent from a casual reading of the instrument. Such facts may be taken into consideration in construing it. *Castleberry* v. *Stringer* (1912), 176 Ala. 250, 57 So. 849. Fortunately, by a series of adjudications, certain rules have been established to aid in the construction of such wills. Some of these rules which we deem helpful in construing the will here involved are as follows:

(I) A will should be construed as a whole, and so as to prevent intestacy; and all of its provisions should be upheld, unless by so doing violence is done to the reasonable intention of the testator; and where that intention is clear, though some of the expressions are inaccurate and apparently inconsistent, it is the duty of the court to subordinate the language to the plain purpose of the testator. *Greene* v. *Greene* (1889), 7 N. Y. Supp. 30, 284. Other authorities stating in effect the same general principle are: *Conover* v. *Cade* (1916), 184 Ind. 604, 112 N. E. 7; *Winder* v. *Smith* (1855), 47 N. C. 327; *Micheau* v. *Crawford* (1824), 8 N. J. Law *90; *In re Blake's Estate* (1910), 157 Cal. 448, 108 Pac. 287; *McTigue* v. *Ettienne* (1912), 155 Iowa 450, 136 N. W. 229; *Johnson* v. *White* (1907), 76 Kans. 159, 90 Pac. 810; *White* v. *Smith* (1913), 87 Conn. 663, 89 Atl. 272, L. R. A. 1917D 596; *Philips* v. *Philips* (1914), 10 Del. Ch. 314, 91 Atl. 452; *Tyndale* v. *McLaughlin* (1915), 84 N. J. Eq. 652, 95 Atl. 117; *Dorrance* v. *Dorrance* (1915), 227 Fed. 679. (2) Where the intention is obscured by conflicting expressions, it is to be sought rather in a rational and consistent, than in an irrational and inconsistent purpose. *Jackson* v. *Hoover* (1866), 26 Ind. 511. *Vaubel* v. *Lang* (1923), 81 Ind. App. 96, 140 N. E. 69. (3) It is the duty of the courts, so far as the rules of law will permit, to give effect to the manifest intent of the testator, as deduced from the language of the will, read in the light of the circumstances sur-

rounding him at the time of its execution; and words inadvertently used in an inexact or ambiguous sense should be read in the sense in which they were employed by the testator, though this may differ from their ordinary and primary meaning. *Skinner* v. *Spann, Exr.* (1911), 175 Ind. 692, 93 N. E. 1061; *Daugherty, Admr.,* v. *Rogers* (1889), 119 Ind. 254, 3 L. R. A. 847; *Sigler* v. *Shelley* (1914), 56 Ind. App. 685, 105 N. E. 403; *Stieglitz* v. *Migatz* (1914), 182 Ind. 549, 105 N. E. 465; *DuBois* v. *Ray* (1866), 35 N. Y. 162. (4) The construction of words in a will is much less technical than that of the same words in a deed. In a deed, the words govern the intention; in a will, the intention governs the words. *Edwards* v. *Bibb* (1869), 43 Ala. 666; *Venis* v. *Talbert* (1921), 76 Ind. App. 122. (5) Where a will is open to two constructions, and one will give effect to the whole instrument, while the other will destroy a part, the former must be adopted. *Butler, Gdn.,* v. *Moore, Exr.* (1884), 94 Ind. 359. (6) Where there are provisions in a will which are conflicting and inconsistent, that which is posterior in local position, if clear and decisive, must be taken to denote the intention of the testator. *Butler, Gdn.,* v. *Moore, Exr., supra; Holdefer, Gdn.,* v. *Teifel* (1875), 51 Ind. 343; *Porter* v. *Union Traction Co.* (1915), 182 Ind. 637, 108 N. E. 117, Ann. Cas. 1917D 427.

If we follow appellant's contention, the result, of course, must be intestacy, which, under the rules of law, must be prevented if it can be done without doing violence to the reasonable intention of the testator; but when we have examined the will as a whole in the light of the surrounding circumstances, it seems to us that the intention of the testator is reasonably clear. The expressions "Frank Deputy heirs they to get what would be his share of my estate" and "Charles S. Deputy heirs to get what would be his share of my estate" are, in

fact, but another evidence of the unskilled hand with which they were written. A literal interpretation of these expressions, and without reading them in the light of other portions of the same item, might lead us to hold that these heirs were to receive no portion of the estate of the testator, for, with an adopted daughter who was the lawful heir, the brothers and sisters would have no share of his estate had he died intestate. Had the testator so intended, there would have been no occasion whatever for using these inconsistent and ambiguous expressions, or, in fact, of mentioning the two deceased brothers or their heirs. Certainly, the scrivener, inexperienced and ignorant of the technical meaning of legal phrases, would not have sought to express the discriminations of the testator against his brothers' heirs in such hidden meaning, but rather would have said that to the heirs of the deceased brothers he gave nothing. From the reading of the whole item, and especially of that portion of it that mentions that each is to share equally, it is apparent that the testator did not intend that the shares of his estate which his brothers' heirs should receive referred to what they would have received, or rather would not have received, had he died intestate. It is clear that the testator had in his mind the portion of the estate that would have gone to the brothers under the will had they been living at the time the will was written. The rule that the words of a will are much less technical than the same words in a deed is here clearly applicable. The intention, when it can be discovered with reasonable certainty from the whole will, must control the words. Had the scrivener written only "Frank Deputy's heirs," and "Charles S. Deputy's heirs," without the use of the phrases that follow these expressions respectively, the meaning would have been clear and in harmony with the general import of the item. Appellant contends

that the construction which she would have us adopt destroys the instrument, but the construction which it seems to us must be adopted gives effect to the whole instrument and, for this reason, it must be adopted. *Butler, Gdn., v. Moore, Exr., supra.*

Appellant's construction, which is of the first part of the item, discriminates against the heirs of Frank Deputy and of Charles S. Deputy. This is not in harmony with the provisions in the latter part of the item that the devisees should share equally, and again the rule applies that where there are two provisions of a will that are conflicting and inconsistent, that which is posterior in local position must be taken to denote the intention of the testator. We interpret the intention of the testator to be that his adopted daughter, each of his brothers and sisters, and the heirs collectively of each of the deceased brothers, were to share equally in the estate of the testator, each receiving one-sixth of his estate. By this interpretation, which is a reasonable one from the reading of the whole will and in the light of surrounding circumstances, we prevent intestacy, give effect to the whole instrument, discard inconsistencies, avoid discriminations, and express with reasonable certainty the intention of the testator.

This being in harmony with the decision of the trial court, the judgment is affirmed.

Dausman, C. J., dissents.