SIPE ET AL. *v.* MERCHANTS TRUST COMPANY ET AL.

[No. 16,607. Filed June 24, 1941. Rehearing denied October 23, 1941.]

*Robert L. Smith,* of Portland, *Corbett McClellan,* of Muncie, and *John R. Browne, John O. Campbell* and *Robert A. Gemmill,* all of Marion, for appellants.

*William H. Bales, William F. White, William T. Haymond, George W. Pierce,* and *Walter D. White,* all of Muncie, for appellees.

FLANAGAN, J.—Appellees are either full brothers and sisters or children of deceased full brothers and sisters, and appellants are half-brothers and half-sisters of Lou M. Gray, deceased.

The questions presented on this appeal are in connection with the following provisions of decedent's will:

"5. I desire that all my other property of every kind and character whatsoever be held by my Executor in trust for the period of five (5) years from the date of my death. He shall collect in all income from such property and at one (1) year periods from the date of my death, shall divide such income equally between the following named persons:

J. M. Sipe, of Chicago, Illinois,
D. C. Sipe, of Muncie, Indiana,
Edward Sipe, of Muncie, Indiana,
Mrs. C. C. Calvert, of St. Joseph, Missouri,
Mrs. Anna Cadwallader, of Muncie, Indiana,
Mrs. Allie Dragoo, of Muncie, Indiana.

"6. In the event of the death of any of the parties above named during the five-year period, the share of such party of the income above mentioned, shall go to the heirs of such party provided, however, that in the event of the death of D. C. Sipe, during such period, his share shall be equally

divided among the other parties mentioned in the above paragraph, rather than go to his heirs.

"7. It is my desire that the expiration of such five (5) year period the Trustee will divide all such property equally among the following named persons:

J. M. Sipe, of Chicago, Illinois,
D. C. Sipe, of Muncie, Indiana,
Edward Sipe, of Muncie, Indiana,
Mrs. C. C. Calvert, of St. Joseph, Missouri,
Mrs. Anna Cadwallader, of Muncie, Indiana,
Mrs. Allie Dragoo, of Muncie, Indiana.

"And in the event any of such persons has died, his or her share shall go to his or her heirs provided, however, that in the event D. C. Sipe is not living at such time, then his share will be divided equally among the other parties herein named, but no part of such shall go to his heirs."

Appellees are the persons mentioned in the above-quoted provisions of the will who survived the testatrix and the children of those mentioned who died prior to the death of the testatrix. Appellants are not mentioned in the will.

Appellants contend that the above provisions create a trust which suspends the absolute ownership of personal property in violation of § 51-101, Burns' 1933, § 13221, Baldwin's 1934; that these provisions are invalid; that the testatrix died intestate as to all property mentioned in said provisions; and that said property passes by the laws of descent to the heirs of the testatrix including appellants. Personal property only is involved.

Section 51-101, Burns' 1933, § 13221, Baldwin's 1934, reads as follows:

"Suspension of ownership — Limitation. — No limitation or condition shall suspend the absolute ownership of personal property longer than till the termination of lives in being at the time of the

execution of the instrument containing such limitation or condition, or, if in a will, of lives in being at the death of the testator."

The trial court decided that the involved provisions of the will are valid. All questions raised by appellants are properly presented under their assignment that the trial court erred in overruling their motion for a new trial.

Since appellants would not be in position to question the validity of any of the provisions of the will unless they are parties in interest, the first vital question presented is whether items 5, 6, and 7 of the will constitute and create such a single, entire, inseparable, and indivisible trust scheme as would invalidate the provisions of item 7 if the trust itself is invalid. Such a result would lapse the bequests so that the property would go to appellants, among others, by the law of descent.

Appellants contend that the duty of the trustee to divide the property at the end of the five-year period of the trust is an inseparable part of the entire trust scheme, and that the persons to whom distribution is to be made cannot be ascertained until the period of five years has expired.

On the other hand, appellees contend that the testatrix intended to give her property to the named brothers and sisters or to their heirs in case of their death, subject only to the postponement of its custody and control for five years; and that if the trust should be invalid, the provisions creating it would be stricken out and the provisions of item 7 would be given effect and would be accelerated into present possession.

In construing a will, the primary rule to which all others must bend is that the testator's intent, as ex-

pressed in the will, must prevail, unless it offends against public policy or a positive rule of law. *Hutchinson's Estate* v. *Arnt, Admx.* (1936), 210 Ind. 509, 518, 1 N. E. (2d) 585, 4 N. E. (2d) 202; *Reeder* v. *Antrim* (1917), 64 Ind. App. 83, 110 N. E. 568, 112 N. E. 551.

A will should be construed to prevent intestacy if it can be done without doing violence to the intent of the testator. *Swain* v. *Bowers* (1929), 91 Ind. App. 307, 319, 158 N. E. 598; *Billings* v. *Deputy* (1926), 85 Ind. App. 248, 146 N. E. 219.

It is the settled rule that when the striking of an invalid part results in defeat of the main and dominant purpose of the testator, incidental provisions, which constitute with it the entire testamentary scheme, must fall with it. *Phillips* v. *Heldt* (1904), 33 Ind. App. 388, 71 N. E. 520.

Conversely, it is the settled rule that where the testator's dominant intent is legal and valid, an invalid, separable, incidental provision will be stricken out, and the provisions carrying out the dominant intent of the testator will be sustained. *Quilliam* v. *Union Trust Co.* (1924), 194 Ind. 521, 528, 142 N. E. 214; *Reasoner* v. *Herman* (1922), 191 Ind. 642, 134 N. E. 276; *Fowler* v. *Duhme* (1895), 143 Ind. 248, 42 N. E. 623; *Warner, etc., Adms.* v. *Keiser, etc., Exrs.* (1931), 93 Ind. App. 547, 177 N. E. 369; *Vaubel* v. *Lang* (1924), 81 Ind. App. 96, 103, 140 N. E. 69; *Reeder* v. *Antrim* (1916), 64 Ind. App. 83, 97, 110 N. E. 568, 112 N. E. 551.

Applying the above rules, we think it clear that the testatrix in the present case intended to give the property described to her named brothers and sisters or to the heirs of those named who pre-deceased her. She made her gift subject to a prior five-

year trust, but that provision is, we think, incidental to her dominant purpose, that the persons named in item 7 should be the eventual absolute owners of her property.

The words of survivorship in item 7 of the will relate to the date of the death of the testatrix, and the persons referred to were definitely ascertainable at that time. *Aldred* v. *Sylvester* (1916), 184 Ind. 542, 111 N. E. 914; *Quilliam* v. *Union Trust Co., supra; O'Brien* v. *Clarke* (1936), 102 Ind. App. 421, 200 N. E. 92; *Kepert* v. *Kepert* (1923), 79 Ind. App. 633, 134 N. E. 297.

The provision creating the trust, if invalid, may be stricken, and the valid provisions left without doing violence to the intent of the testatrix and without offending public policy or any positive rule of law. The mere fact that the executor is charged with the division of the property among the named legatees at the end of the five-year period does not make the provision for final distribution such an inseparable part of the trust scheme as to render it invalid. The duty so placed upon the executor, except as to point of time, is no different than his duty with that provision stricken.

Both this court and our Supreme Court have had presented the question as to the effect of provisions suspending the power of alienation of real estate, invalid under our statute against perpetuities. § 56-142, Burns' 1933, § 14700, Baldwin's 1934. In each of the following cases, wherein the testator sought to suspend the power of alienation for a term of years in violation of our statute, the invalid provisions were stricken and the valid provisions permitted to stand upon the application of the same rules we have here discussed. *Quilliam* v. *Union Trust Co., supra; Fowler* v. *Duhme, supra; Reeder* v. *Antrim, supra; Vaubel* v. *Lang, supra.*

We think these rules apply with equal propriety to a provision which violates the statute here involved. Even

though the provision in the will before us creating the five-year trust be invalid, the provision for final distribution of the bequeathed property would stand accelerated into present possession; and appellants would not inherit under the laws of descent.

The rule relating to the acceleration of interests in such cases is well expressed in Restatement of The Law of Property, § 236, p. 1003, as follows:

"When an attempted prior interest fails because it is a trust interest limited to last for a duration not permitted by applicable law, then, in the absence of a manifestation of a contrary intent, (a) except as stated in Clause (b) the succeeding interest is accelerated in favor of the person described in the limitation as entitled thereto ascertained in accordance with the facts existing at the time when the attempted prior interest, if valid, would have become a present interest; and (b) if the succeeding interest is otherwise effectively created subject to a condition precedent not fulfilled at the time when the attempted prior interest, if valid, would have become a present interest, the succeeding interest is accelerated as soon as such condition precedent is fulfilled in favor of the person described in the limitation as entitled thereto, ascertained in accordance with the facts then existing.

"*a. Rationale.* In cases which come within the rule stated in this Section, the conveyor has manifested a plan of disposition which is prevented from complete efficacy by his failure to create a trust with the restricted duration required for it by the applicable law. The inevitable disturbance of the desired plan of disposition normally is kept at a minimum by accelerating the succeeding interests. This acceleration occurs in accordance with what is normally to be inferred as the intent of the conveyor, namely, that as each of the successive interests sought to be created by him ends or becomes impossible, the next in order in the limitation should move up. Since acceleration occurs pursuant to an inferred intent, it is prevented by a

manifestation of an intent contrary to what is normally to be inferred.

"*d. Immateriality of type of conveyance.* The rule stated in this Section applies to an attempted trust included in either a conveyance inter vivos or a will."

Appellants rely strongly on the case of *Phillips* v. *Heldt, supra,* and earnestly urge that it is controlling here. We think the rules we have here discussed were properly applied to the facts in that case. However, the facts in that case are quite different and make it clearly distinguishable from the instant case. There the testator attempted to create a trust for thirty years with a great number of provisions as to the application of the general income and the income from specific properties. Provision is finally made for the sale of all the property at the expiration of the thirty-year period and the distribution of the proceeds to an educational institution and to certain designated persons. It is quite clear, in examining the will there involved, that the creation of the trust, and the accomplishments of the purposes of the trust so created, was the dominant purpose of the testator, and that the final disposition at the end of thirty years was incidental. Separation of the item providing for final distribution from the trust provisions and accelerating the interests of the remaindermen could not have been done without doing violence to the dominant intent of the testator.

In view of our conclusion that even though the provisions creating the trust be invalid, the bequests would not lapse so as to make appellants parties in interest as heirs under the laws of descent; it is not necessary to consider the other questions presented in this appeal.

Judgment affirmed.

NOTE.—Reported in 34 N. E. (2d) 968.