JOHN M. ANDERSON *vs.* OLGA J. BEAN & others.

Suffolk.    November 18, 1914. — February 27, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Devise and Legacy.*

A testator left two sons and one whom he treated as a daughter. He created by
his will a trust for the benefit of these three which should continue during the
lifetime of the testator's brother, who was his partner, or until such brother
should determine to retire from the management and control of the busi-
ness. The net income of the trust fund the trustee was directed to "pay
over and divide in equal shares quarter-annually to and among my sons . . .
and the said" *quasi* daughter "for and during their natural lives, or until the
termination of this trust." At the termination of the trust by the death or
retirement from business of the testator's brother, the trustee was directed,
after making certain payments, to "pay over all the rest, residue and remainder
of the property and estate then in trust hereunder, together with any accumula-
tions of interest thereon in equal shares, one-third thereof" to each of his
two sons and the *quasi* daughter, "if they be then living. If either or any
of them shall have died before the time set for the distribution of said trust
fund, leaving issue, then such issue shall take by right of representation the
share its or their parent would have taken if living at the time of such distri-
bution." While the trust was in existence the *quasi* daughter died leaving a
child. The two sons were living. The trustee brought a bill for instructions
as to the distribution of the income from the trust. *Held,* that the testator
had made a clear distinction between the manner of distributing the income
of the trust and that of distributing the principal fund on the termination of
the trust; that the whole of the income was given to the three persons named
and the survivors or survivor of them until the termination of the trust, and
accordingly should be divided equally between the two sons of the testator
to the exclusion of the child of the *quasi* daughter.

BILL IN EQUITY, filed in the Supreme Judicial Court by the
trustee under the will of Albert Anderson, late of Boston, for in-
structions as to the proper distribution of the income of the
trust fund.

The case came on to be heard before *Braley,* J., who reserved
it upon the bill and answers for determination by the full court
of the questions which are stated in the opinion.

*A. P. Stone,* for the plaintiff, was present but did not address
the court.

*F. L. Simpson,* (*F. M. Carroll* with him,) for the defendant Olga J. Bean.

*A. H. Russell,* for the defendants Albert B. and Andreas Anderson.

DE COURCY, J. The plaintiff is trustee under the will of his brother, Albert Anderson. The defendants Albert B. Anderson and Andreas Anderson are sons of the testator. The defendant Olga J. Bean is the infant child of Olga M. Bean, deceased, whose name before her marriage was Olga M. Garllus but who went by the name of Olga M. Anderson, and who, from the age of three years, had lived in the household of the testator as a member of his family. A large part of his property was invested in the Albert and J. M. Anderson Manufacturing Company, and he empowered the trustee to continue that investment. The trust is to continue so long as John M. Anderson lives, or until he shall determine to retire from the management and control of the business.

During the continuance of the trust the net income, subject to certain payments not herein material, is disposed of by clause fourth (e) as follows: "All the rest and remainder of said net income after the payments aforesaid, my trustee or trustees hereunder shall pay over and divide in equal shares quarter-annually to and among my sons Albert B. Anderson and Andreas Anderson and the said Olga M. Garllus or Anderson for and during their natural lives, or until the termination of this trust, as hereinafter provided." The trust has not terminated. Olga M. has died, leaving a child; and the sons Albert B. and Andreas are living.

The question presented by the trustee's bill for instructions relates to the share of income heretofore payable to Olga M. Is he to (1) pay it over to or for the benefit of the child Olga J. Bean, or (2) divide it between the sons Albert B. and Andreas, or (3) allow it to accumulate, to be disposed of upon the termination of the trust? This last suggestion is not advocated by any party in interest, and may be disposed of briefly by saying that not only is there no provision that the income should accumulate in the contingency which has occurred, but the general scheme of the will is inconsistent with any such intention on the part of the testator. *Meserve* v. *Haak,* 191 Mass. 220.

The express language of the clause in controversy limits the right of each of the three beneficiaries in the income to his or her lifetime, if the trust so long continues; and it makes no provision for giving it to their issue, in the event of the death of one or more of them leaving issue, before the termination of the trust. This is especially significant in view of the provision deliberately made for survivorship in the principal fund, which appears later in the same paragraph of the will, and is as follows: "After setting aside such funds as aforesaid, they shall pay over all the rest, residue and remainder of the property and estate then in trust hereunder, together with any accumulations of interest thereon in equal shares, one third thereof to my son Albert B. Anderson, one third thereof to my son Andreas Anderson and one third thereof to the said Olga M. Garllus or Anderson, if they be then living. If either or any of them shall have died before the time set for the distribution of said trust fund, leaving issue, then such issue shall take by right of representation the share its or their parent would have taken if living at the time of such distribution. Or if either or any of them shall have died leaving no issue, then the fund or funds coming to the one or ones so deceasing without issue shall be paid to the survivor or survivors of them in equal shares." In the closing sentence of the same paragraph it is also provided that on the death of certain annuitants the trustee "shall in each case distribute the principal of the fund held to provide for the annuity so ceasing to and among the said Albert B. Anderson, Andreas Anderson and Olga M. Garllus or Anderson, or to the issue of them in manner aforesaid, and so from time to time until the whole of the fund hereby placed in trust shall have been distributed and paid over to and among them or the issue of them." It is manifest that the testator knew how to provide for the right of survivorship. And when we contrast the language he used as to the disposition of income with that used in disposing of principal, we cannot avoid the conclusion that the difference in language, used clearly and advisedly, indicates a difference in his intention as to the right of survivorship, when dealing with the principal and with the income. Considering the clause in question in connection with the entire will, and especially with the other portions of paragraph fourth (e), it seems apparent that the testator intended to treat the income as a whole, and to

divide it among the members of his family until his brother should give up the management of the family business. For it must be remembered that he regarded Olga M. as a daughter, and had a petition for her adoption pending at the time of his decease.

It is urged, in an able argument of counsel for Olga J. Bean, that ordinarily a gift of property to several persons by name, to be divided among them "in equal shares," as in this case, is a gift to them as tenants in common, and not as joint tenants or as a class. *Stanwood* v. *Stanwood*, 179 Mass. 223. *Worcester Trust Co.* v. *Turner*, 210 Mass. 115. But in this will the interest of the beneficiaries is expressly limited "for and during their natural lives." See *Loomis* v. *Gorham*, 186 Mass. 444. Again, assuming that Olga M. had a vested interest in the principal of the trust fund, it is specifically limited to the time of distribution, which has not yet arrived. The provision in paragraph fifth of the will, empowering the trustee to use a portion of the principal for the proper support of any of the beneficiaries, applies apparently only to the portion of which the beneficiary has the income, and does not assist us in interpreting the clause in question. Nor do we think that the possibility of all three of the beneficiaries dying before the termination of the trust manifests an intention that the income should go to the issue of one who dies pending the trust. When the purpose of the testator is reasonably clear by reading his words in their natural sense, "we must not be deterred by the conjecture that some remote consequences were not in the testator's mind, or might not have been quite satisfactory to him, if he had thought of them." Holmes, J., in *Dove* v. *Johnson*, 141 Mass. 287, 290.

It strongly is argued that the testator, whose fatherly interest in Olga M. is manifested in paragraph second and elsewhere in the will, could not have intended to leave her child unprovided for. The explanation may be the quite common one, that he did not anticipate the contingency which has happened, namely, that after his death Olga M. might marry, and might die leaving issue before the termination of the trust. The court however can only ascertain the intention of the testator from the language he used, and declare it. It is not our province to conjecture what his intent would be if he had in contemplation the present situa-

tion, and to read that intent into his will.   See *Sanger* v. *Bourke,*
209 Mass. 481, 487, and cases cited.

We are of opinion that the testator, by the clause in question,
gave the income to Albert B. Anderson, Andreas Anderson and
Olga M. Garllus or Anderson as a class, with rights of survivor-
ship.   *Loring* v. *Coolidge,* 99 Mass. 191.   *Wheaton* v. *Batcheller,*
211 Mass. 223.   A decree is to be entered directing the trustee to
distribute the remainder of the net income to the two surviving
beneficiaries in equal shares.   Costs are to be allowed out of the
fund in controversy as between solicitor and client.

*Decree accordingly.*