ERNEST A. THOMPSON & another, trustees, *vs.* PATRICK
MARTIN & others.

Middlesex.    May 12, 1932. — November 4, 1932.

Present: RUGG, C.J., WAIT, FIELD, & DONAHUE, JJ.

*Probate Court*, Petition for instructions, Appeal.    *Attorney at Law.*
  *Trust*, Construction of instrument creating trust.    *Devise and Legacy*,
  Gift to individuals or to class.

Where, in a petition in a probate court by trustees under a will for in-
  structions, it appeared that one of the trustees, an attorney at law,
  had been heard by the judge in opposition to a petition for an award
  of costs and expenses to counsel for one of the respondents; that,
  after the entry of a decree on the petition for instructions, said trustee
  claimed an appeal therefrom in behalf and by request of certain
  respondents whose attorney had withdrawn from the case and who
  had not secured new counsel within the time for claiming an appeal;
  that, upon the appellants' retaining new counsel, said trustee with-
  drew his appearance for them; that the matter had not been called
  to the attention of the Probate Court; and that such respondents
  acted in good faith, this court, *stating* that the conduct of the trustee
  was in violation of the spirit of Equity Rule 22 (1926) and of Equity
  Rule 18 of the Probate Court, in the circumstances disregarded the
  irregularity in the appeal since, on the merits, the decree must be
  affirmed.
A testator in his will set up a trust and provided that a stated amount
  per annum of the income should be paid to a sister for life; that
  another stated amount per annum thereof should be paid to a cer-
  tain nephew for life; that the balance of the income should be divided
  "share and share alike . . . among" five named nephews and a
  named niece, the share of any of the six who was not living at the
  death of the testator to be paid to his or her issue by right of repre-
  sentation, or, if there were no issue, "to revert to said trust estate";
  that, upon the termination of the trust at a certain time, the prin-
  cipal should be "distributed among" the five named nephews and
  the named niece, the share of any who was not living at that time
  to go to his or her issue by right of representation, or, if there were
  no issue, "such share to become a part of my said trust estate";
  and that, "if the nephew first mentioned should marry and have issue,
  such issue should share in the final distribution, taking by right of
  representation.    A codicil to the will provided that the "one-sixth
  share" of the income given to one of the five nephews should be
  divided in equal one thirty-sixths among him, his wife and his four
  children.    Another of the five nephews died after the testator and
  before the time fixed for termination of the trust.    Upon a petition
  for instructions by the trustee, it was *held*, that

(1) The five nephews and the niece took the balance of income as individuals and not as a class;

(2) The deceased nephew took a vested interest in a definite share of the income;

(3) His "legal representatives" were entitled to his share of the income after his death.

PETITION for instructions, filed in the Probate Court for the county of Middlesex on September 17, 1925, and afterwards amended, by the trustees under the will of John Martin, late of Somerville.

Material facts and portions of the testator's will and codicils, a decree entered on February 2, 1926, by order of *Harris,* J., a decree entered on February 12, 1932, by order of *Campbell,* J., after vacation of the first decree, and an appeal by certain of the respondents, are described in the opinion.

*M. T. Hall,* (*H. J. Field* with him,) for Patrick Martin and others.

*J. J. Krohn,* for Catherine Baldwin.

WAIT, J. The trustees of a trust created under the will and codicils of John Martin, duly admitted to probate in 1917, filed in the Probate Court for the county of Middlesex a petition for instructions to whom they should pay the share of trust income which they had been paying up to the time of his death to Thomas F. Baldwin. A decree entered in February of 1926 directed payment to certain persons. That decree, later, was vacated on review, and, after hearing on the original petition, a decree was entered that "the legal representatives" of Thomas F. Baldwin were entitled to said income, and that all such income received since his decease be paid to them. It directed further that a stated sum as costs and expenses be paid out of the trust fund to counsel for the guardian of Catherine Baldwin, next of kin of Thomas F. Baldwin. This later decree was entered on February 12, 1932. Claim of appeal under date of February 29 was filed on March 1, 1932, by Ernest A. Thompson, as attorney for certain beneficiaries under the will of John Martin interested in his estate who are aggrieved by the decree.

Mr. Thompson is one of the trustees who filed the original petition. No other claim of appeal appears of record. It is contended that no appeal is before us, upon the ground that Mr. Thompson's act is in violation of Equity Rule 22 (1926) of this court, and of Equity Rule 18 of the Probate Court which provide that in bills and petitions by executors or trustees to obtain the instructions of the court, and in bills and petitions of interpleader, or in the nature of interpleader, no solicitor or counsel for the plaintiff and no attorney for the petitioner "shall appear or be heard or act for or in behalf of" any or either of the defendants or respondents. It appears, by affidavit, that within the time allowed for claiming an appeal the aggrieved respondents had not secured an attorney to replace counsel who had withdrawn from the case; and, pending an agreement upon new counsel, had asked Mr. Thompson to act as their attorney in claiming an appeal. He filed the claim in accord with their wish; and when, on March 23, he learned that new counsel had been obtained, he withdrew his appearance and also the objection of one of those for whom he had claimed appeal. Before the entry of the decree he had entered an appearance in opposition to the petition of counsel for an award of costs and expenses out of the estate and was heard on that point by the judge. Mr. Thompson's conduct was in violation of the spirit of the rules. He had no interest in the proceeding. His duty was fulfilled when he filed the petition for instructions. *Security Trust Co. of Lynn* v. *Boyce,* 257 Mass. 586, 589. He had no such personal interest in the matter as led this court to relax the rule's severity where an executor who had asked instructions from the court was also a legatee affected by the outcome. *Batchelder, petitioner,* 147 Mass. 465. Nor was the matter so distinct from the request of the petition as was opposition to a motion to remove the proceedings to a Federal court filed after the petition for instructions, in which this court heard counsel. *Gordon* v. *Green,* 113 Mass. 259. Nor was he challenged for an abuse of his duties as trustee. *Sohier* v. *Burr,* 127 Mass. 221. *Watson* v. *Erickson,* 276 Mass. 185. The relaxation permitted by this court

in *Houghton* v. *Kendall,* 7 Allen, 72, occurred while the rule, apparently, was being acted upon in practice but was not definitely published as a rule of court. See note 7 Allen, 73. It does not appear that the matter was called, at once, to the attention of the Probate Court by motion to strike the claim of appeal from its records. The parties aggrieved acted in good faith in asking Mr. Thompson to claim the appeal for them. Inasmuch as the result is unchanged, we think we may state the grounds upon which it rests, and disregard the irregularity in the claim of appeal. See *Commonwealth* v. *McNary,* 246 Mass. 46, 48, and cases there cited.

The eleventh clause of the will created a trust fund and directed that the income be paid, by section (a), quarterly in a stated amount per annum during her natural life to a sister, Catherine Baldwin; by section (b), quarterly or monthly as the trustees deemed best, in a fixed amount per annum, during his natural life, to a nephew, James Martin. Section (c) was in these words: "I direct my said trustees to divide the balance of said income share and share alike, the same to be paid quarterly, among the following nephews and niece: Richard Baldwin, now of Medford; Augustus Baldwin, now of South Boston; Thomas Baldwin, now of Medford; George Martin, now of South Boston; Patrick Martin, now of Cambridge, and Mrs. Louisa Curtis, now of South Boston, all in the Commonwealth of Massachusetts. I direct that should any of said nephews or niece be not living at the time of my decease, that their share be paid to their issue, or issue of such issue, by right of representation, or if there be no issue, said share to revert to said trust estate." Section (d) directed method of investment of the trust. Section (e) fixed a period for continuance of the trust and at its expiration provided: "at which time I direct my said trust estate, together with any accumulations thereon, shall be distributed among the following nephews and niece; Richard Baldwin, Augustus Baldwin, Thomas Baldwin, George Martin, Patrick Martin and Mrs. Louisa Curtis, if they be living at the time for final distribution, but if they be not living at such time, I direct that their share shall go to their issue, or issue of

such issue, by right of representation, and in case there be no issue, such share to become a part of my said trust estate." Section (f) directed that if the nephew James Martin to whom income was given by section (b) should marry and have issue, such issue should share in the final distribution taking by right of representation. Clause 12 forbade anticipation. It will be noted that clause 11 makes no express provision with regard to payment of shares of income after the decease of a beneficiary who dies in the period between the death of the testator and the time for final distribution of the fund. What that payment should be is the question here presented. The answer depends upon whether the testator intended that the nephews and niece named in section (c) should take as a class or as individuals. If they took as individuals, then Thomas F. Baldwin (called Thomas Baldwin in the will) took a vested interest in a definite share of the income, which on his death would pass to his personal representatives. If the gift was to a class, the income previously received by him would go to the benefit of the survivors in the class. See *Jackson* v. *Roberts*, 14 Gray, 546.

The testator's intent must be gathered from the words of the whole will and codicils, read in the light of their circumstances. *Temple* v. *Russell*, 251 Mass. 231, 235, 236. *Crowell* v. *Chapman*, 257 Mass. 492. *Boston Safe Deposit & Trust Co.* v. *Waite*, 278 Mass. 244. So read, we think the intent to give to individuals rather than to a class is evident. The last sentence of section (c) demonstrates that the testator in setting out by names and addresses the nephews and niece "among" whom this income was to be distributed did not regard himself as creating a class with survivorship; for he provided that the "share" of any one of them who died before he did should be paid to issue of the one so dying. Obviously he is thinking of each nephew as owner of a share, and not of a chance for a share. He limited the provision of income for James Martin (section [b]) to James's lifetime; but by section (f) he opened the final distribution of the trust fund to issue of any marriage of James, which is inconsistent with

a thought of that fund as confined to the survivors of the nephews and niece named in section (c). The direction for final distribution in section (e) shows a conception of the fund as made up of shares of the individual nephews and niece descending by representation and not passing by survivorship. In the third clause of the second codicil these words appear: "Whereas in Section (c) of the 11th Clause . . . I directed . . . [my] trustees . . . to divide the income of the rest and residue of my estate among the six nephews and niece named in said section (c), I now direct that the one-sixth share so given therein to AUGUSTUS BALDWIN . . . ." They indicate that the testator regarded his gift of income as a gift to the individuals. The gift to Augustus Baldwin is referred to as a "one-sixth share." Later in the clause, as a result of the change made by the codicil, Augustus Baldwin, his wife and his four children "are each to receive one-thirty-sixth part of the income of the rest and residue of my estate in accordance with the terms of said Section (c) of my said will." We find nothing in the will to indicate an intent to give to a class, except the use of the word "among" to characterize the payments, and the fact that the persons named stood in the same degree of kinship to the testator. Those indications are not enough to control the much more persuasive passages to which we have called attention. The case comes well within the decisions in *Shattuck* v. *Wall*, 174 Mass. 167, and *Stanwood* v. *Stanwood*, 179 Mass. 223. It is unlike *Springfield Safe Deposit & Trust Co.* v. *Dunn*, 243 Mass. 7, and is clearly distinguishable from *Jackson* v. *Roberts*, 14 Gray, 546, *Loring* v. *Coolidge*, 99 Mass. 191, and *Anderson* v. *Bean*, 220 Mass. 360. There is here no such limitation of the gifts of income under section (c) to the life of the several beneficiaries as was present in *Anderson* v. *Bean*. The appellants have made no argument with reference to the order for costs. If they had any objection, we must regard it as waived.

It follows that the decree was right and the petitioners should govern themselves accordingly.

*Decree affirmed.*