WORCESTER COUNTY TRUST COMPANY, trustee, *vs.* INA M. PALMER & others.

Worcester.    September 22, 1958. — November 3, 1958.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Trust,* Income beneficiary.

Under a testamentary trust providing that the income from specified stock should be paid to the testator's son during his life and thereafter to the son's wife during her life, upon her death after the death of the son and during the continuance of the trust such income became payable solely to the son's children in accordance with a paragraph 7 providing that in that event it should be "regarded as income to be distributed in accordance with" a paragraph 5, which, following a paragraph 4 providing for division of the balance of the income of the trust fund equally among the testator's children, provided that "upon the death of any of my children, his or her share of the income shall be paid to his or her children"; paragraph 4 was not to be taken into consideration with paragraph 5 in construing the effect of paragraph 7, nor was the plain result of paragraphs 7 and 5 affected by a paragraph 6 providing for ultimate distribution of the specified stock with other principal equally among all the testator's grandchildren.

PETITION, filed in the Probate Court for the county of Worcester on July 23, 1957.

The case was heard by *Wahlstrom, J.*

*Charles W. Proctor,* stated the case.

*Philip J. Murphy & Mabelle F. Murphy,* for the appellants, submitted a brief.

WHITTEMORE, J.    This petition asks that the trustee under the will of Andrew G. Hildreth be instructed how to distribute income accruing on that portion of the trust prop-

erty which represented proceeds of the sale of three hundred eighty shares of stock in the A. G. Hildreth Company.

The will provided in part as follows:

"2. All the rest, residue and remainder of my estate . . . in trust . . . for the purposes hereinafter set forth. . . .

"3. . . . a. All the income from my three hundred and eighty (380) shares in the A. G. Hildreth Company, or all of the income from any proceeds received from the sale of said shares . . . shall be paid to my son, Walter H. Hildreth, during his life, and after his death to his wife, Gertrude Hildreth, if she be living and so long as she remains unmarried. . . . [b. — e. Provisions for small yearly payments of income.] f. All of the balance of the income to my wife . . . during her life . . . .

"4. Upon the death of my wife, her share of the income shall be divided equally . . . among my children . . . .

"5. Upon the death of any of my children, his or her share of the income shall be paid to his or her children, but if any of my children die without issue, his or her share of the income shall be added to the principal of the trust fund.

"6. Upon the death of my last surviving child, this trust estate shall cease, and the principal . . . shall be equally divided among my grandchildren . . . except: . . . [a. annuity provision for niece.] b. If, at the time of the death of my last surviving child, Gertrude Hildreth shall be alive and shall not have remarried, my trustee shall retain the three hundred and eighty (380) shares of stock in the A. G. Hildreth Company or the proceeds therefrom . . . and pay the income to the said Gertrude Hildreth as above provided. Upon the death of Gertrude Hildreth the amount retained for her benefit shall then be distributed by my trustee among my grandchildren who may be alive at that time.

"7. If both my son . . . and his wife . . . die before the distribution of my trust estate as provided for in paragraph six, the income from the shares of the A. G. Hildreth Company or the proceeds therefrom held for their benefit, shall be regarded as income to be distributed in accordance with paragraph five of this will."

The probate judge filed a report of material facts in which he stated that no evidence was offered, but that it was agreed that there were then deceased the testator's widow, who died in 1954, his son, Walter, who died in April, 1957, the son's wife, Gertrude, who died in June, 1957, survived by three children, and one of his two daughters, Bessie A. Forbes, who died without issue; also that there were then living one child of the testator, Ina M. Palmer, and the three children of the testator's deceased son. No question is presented in respect of other grandchildren or more remote issue. The report also stated the agreement that proceeds of the sale of the three hundred eighty shares were held by the trustee.

The concluding paragraph of the report recites: "I find that upon the death of the son, Walter, and his widow, Gertrude, the trust not having been terminated, the income was not payable to their children but that distribution was governed by Clause 7 of the will of said Andrew G. Hildreth." This is plainly a ruling of construction. The relevant part of the decree orders that "the income from the proceeds of the sale of the shares . . . shall be paid in similar manner as income is paid from the residue as provided in Clauses 4 and 5 of said will" and specifies one third to be paid to the living daughter, one third to be paid to the children of Walter, and one third (the deceased daughter's share) to be added to principal.

The children of Walter appeal. The decree is in error.

Paragraph 7 read with paragraph 5 provides that upon the death of the son and the son's wife the income from the shares, or from the proceeds of the shares, shall be paid to Walter's children. While the order and form of statement in the will are somewhat confusing the testator's intent is stated in express language. We see no basis for reading paragraph 4 with paragraph 5 when construing the effect of paragraph 7. The provisions of paragraph 6 for equal distribution among all grandchildren, and not only among Walter's children, of the shares or their proceeds, as principal of the trust on its termination, do not support a disregard of the express provision which gives Walter's children

the income of this part of the trust property after the deaths
of Walter and Gertrude during the term of the trust. See
*Anderson* v. *Bean,* 220 Mass. 360, 362.

The petition also requested instruction as to the disposi-
tion under paragraph 5 of the share of the income otherwise
payable to the deceased daughter Bessie A. Forbes. The
instruction given is applicable to income accruing from the
property of the trust other than the proceeds of the shares
of stock. As it is not contended that there is any error in
the instruction given so far as applicable to the residuary
trust, we do not review it but include its substance in the
modified decree with such change in form as appears suitable
upon the exclusion of a reference to the income of the pro-
ceeds of the sale of the shares of stock.

The decree in its operative part is to be modified to read
as follows: the court orders and decrees (1) that the income
accruing on the proceeds of the sale of the three hundred
eighty (380) shares of the stock of the A. G. Hildreth Com-
pany is subject to the provisions of paragraph 5 as affected
by paragraph 7 of the will, construing for this purpose the
first clause of paragraph 5 as if it read "Upon the deaths of
Walter and Gertrude, the income of the fund under para-
graph 3a shall be paid to their children"; (2) that the share
of the income of the fund under paragraph 3f (which, under
paragraph 4, on the death of the wife of the testator was
payable to his daughter Bessie A. Forbes, while living) shall,
as provided in paragraph 5, regularly be added to the prin-
cipal of that fund and the income which shall be paid to the
beneficiaries shall be the entire income from the principal of
that fund as from time to time thus increased.

The appellants are to have the costs and expenses of this
appeal, including counsel fees, as they shall be allowed in
the Probate Court.

*So ordered.*