**Paul A. HERSHBERGER,**
**Appellant–Plaintiff,**

v.

**Inez LUZADER and Kip White in their capacity as Co–Personal Representatives of the Estate of Georgia E. Campbell, deceased, and Ruth Bunnell, the Estate of Ray Campbell, deceased, Louise Cumbow, George E. Hershberger, Roland Hershberger, Gladys Hobson, Inez Luzader, Goldie Yerkes, Raylene Bayless, Charles Bunnell, Robert Bunnell, Wayne Bunnell, William Bunnell, Arlene Campbell Haas, Danny Campbell, Kenton Campbell, Don Cumbow, Kenneth Cumbow, James Hershberger, Susie Hershberger Dixson, Norman Hughes, Sarah Jean Jones, John Luzader, Linda Luzader Meek, Tom Luzader, Nancy Seymour, Martha Swick, Diana Wilkus, Phyllis York, Osborn Prairie Cemetery and Osborn Prairie Church, beneficiaries under the Last Will and Testament of Georgia E. Campbell, deceased, Appellees–Defendants.**

No. 23A05–9502–CV–55.

Court of Appeals of Indiana.

Aug. 16, 1995.

Transfer Denied Jan. 31, 1996.

841

Gregory H. Miller, Wernle, Ristine & Ayers, Crawfordsville, for appellant.

Steven L. Blakely, White & White, Covington, for appellees.

## OPINION

BARTEAU, Judge.

Paul Hershberger ("Paul") appeals from the entry of summary judgment in favor of the defendants, the estate of Georgia E. Campbell and numerous beneficiaries identified in her will (collectively, "the Estate"). We affirm.

### FACTS

The facts are undisputed. Georgia E. Campbell ("Georgia") executed her last will and testament on November 6, 1978, and executed a codicil thereto on May 1, 1985. She died testate on February 19, 1994.

Item Five in Georgia's will reads as follows:

I provide that all of the rest of my estate shall be liquidated by my executor, and that the entire proceeds of my estate, including the proceeds from the sale of real estate, shall be divided in equal shares among my grandnephews and grandnieces, to-wit: Nancy Seymour, Danny Campbell, Raylene Bayless, Kenton Campbell, Arlene Campbell, Sarah Jean Jones, William Bunnell, Robert Bunnell, Charles Bunnell, Wayne Bunnell, Martha Swick, John Luzader, Linda Wilkus, Phyllis York, Norman Hughes, James Hershberger and Susie Hershberger (daughter of Roland); or providing that, in the event any of said grandnephews or grandnieces predecease me, his or her share shall go to his or her descendants, per stirpes.

R. 109. Paul is one of Georgia's grandnephews, but is not included in the list of beneficiaries under Item Five. Paul filed suit alleging that Georgia's failure to specifically list him in Item Five was either a mistake on Georgia's part or a scrivener's error on the part of her attorney.

### DISCUSSION

The interpretation, construction or legal effect of a will is a question to be determined by the court as a matter of law. *Wisler v. McCormack* (1980), Ind.App., 406 N.E.2d 361, 363. When construing the language of a will, our primary focus is upon the intent of the testatrix. *Koch v. James* (1993), Ind.App., 616 N.E.2d 759, 762, *reh'g denied, trans. denied.* In determining the testatrix's intent, we look to the four corners of the will and the language used in the instrument. *Stowers v. Norwest Bank Indiana* (1993), Ind.App., 624 N.E.2d 485, 489, *reh'g denied, trans. denied; In re Estate of Shoptaugh*

(1985), Ind.App., 482 N.E.2d 1142, 1144, *reh'g denied, trans. denied.*

■ From the language in Georgia's will, we find that Georgia clearly did not include Paul as a residual beneficiary of her estate. Paul argues that it was Georgia's intent to bequeath the residuary of her estate to the class of persons comprising her grandnieces and grandnephews, of which Paul is a member. We do not agree.[1]

■ Item Five states that the residuary of Georgia's estate shall pass to her grandnephews and grandnieces, and then specifically identifies the beneficiaries. The specific list of beneficiaries serves to limit, narrow and further define which grandnieces and grandnephews Georgia intended as beneficiaries under her will. It is well settled in Indiana that, when construing the language of a will, the court should strive to give effect to every provision, clause, term or word if possible. *Matter of Estate of Spanley* (1984), Ind.App., 458 N.E.2d 289, 290; *see also, Matter of Estate of Walters* (1988), Ind.App., 519 N.E.2d 1270, 1272, *trans. denied; Pechin v. Medd* (1985), Ind.App., 476 N.E.2d 526, 530, *reh'g denied, trans. denied.* To construe Item Five as Paul suggests would be to completely ignore the list of specific beneficiaries Georgia included thereunder, and render that part of the provision meaningless.

This case is very similar to the decision in *Leibrandt v. Adler* (1961), Ill.App., 30 Ill. App.2d 257, 174 N.E.2d 228. In *Leibrandt,* a will included the following provision:

> I give and bequeath to the children of Fred Leibrandt, nephew of my deceased husband, George Leibrandt said children being identified by their given names, to-wit: Winifred, Marcia, Catherine, Edward, John and George Leibrandt, the sum of Five Thousand Dollars ($5,000) each, said legacies being bequeath [sic] to each of them or their respective heirs at law per stirpes and not per capita.

174 N.E.2d at 229. The list of beneficiaries specifically identified all of the children of Fred Leibrandt except one who, like Paul, claimed that his exclusion from the list was not the intent of the testatrix. The Illinois Court held:

> [W]here there is a gift to a number of persons who are indicated by name, and who are also further described by reference to the class to which they belong, the gift is held prima facie to be a distributive gift, individual and personal to the persons named, and not a gift to a class.

*Id.* at 230.

Item Five provides that "in the event any of said grandnephews or grandnieces predecease me, his or her share shall go to his or her descendants, per stirpes." Thus, should any of the specified grandnephews or grandnieces predecease Georgia, as one in fact did,[2] the issue of that grandnephew or grandniece would take a representative share of the residuary. *Stowers,* 624 N.E.2d at 489–90. This indicates that Georgia intended to make an individual gift to each named person, rather than bequeath the residuary of her estate to a class of individuals. *In re Finlay Estate* (1986), Mich.App., 397 N.W.2d 307, 311, *aff'd,* 430 Mich. 590, 424 N.W.2d 272; *see also Thompson v. Martin* (1932), 281 Mass. 41, 183 N.E. 51, 53.

Had Georgia intended to bequeath the residuary of her estate to all those comprising the class of grandnephews and grandnieces as Paul contends, she could have easily done so. Indeed, in Item Two of her will she bequeathed her household goods and personal effects to her "nieces and nephews" without limiting or specifying particular persons. R. 109. And, in Item Four she directed that her real estate be sold at a private auction among her "nieces and nephews and grandnieces and grandnephews." R. 109. Again, she included the entire class of nieces, nephews, grandnieces and grandnephews by not

---

1. Paul also argues that, since he is an heir of Georgia, it would be improper for the court to determine that Georgia disinherited him without a clear showing of her intent to do so. However, Paul is not an heir of Georgia and therefore was not disinherited. *See Matter of Estate of Wilson* (1993), Ind.App., 610 N.E.2d 851, 857, *reh'g denied, trans. denied, cert. denied,* —— U.S. ——, 114 S.Ct. 879, 127 L.Ed.2d 75.

2. Danny Campbell predeceased Georgia. R. 172.

limiting the Item's application to any particular relative.

Only in Item Five, the provision for distributing the remaining assets of her estate, did Georgia specify which individuals she wished to receive a portion of the residuary. Had she intended to bequeath the remainder of her estate as Paul contends, she could have simply employed the same language and structure that she had used in the preceding provisions. Instead, Georgia particularized the bequeath of the residuary to individual grandnephews and grandnieces. To conclude otherwise would ignore the clear language of Georgia's will and the context in which it was written.

AFFIRMED.

SHARPNACK, C.J., and RILEY, J., concur.