In the Matter of the ESTATE OF August A. MEYER, Deceased.

Roger Alan MEYER, Individually, Appellant (Defendant Below),

v.

Jeffrey Lynn MEYER, Kenneth Edward Meyer, Phyllis J. Meyer Berfanger, Ronald R. Meyer, Billy Joe Meyer, Judy A. Meyer Allen, and Ralph Lee Meyer, Jr., Appellees (Plaintiffs Below).

No. 82A04–9602–CV–45.

Court of Appeals of Indiana.

June 20, 1996.

Rehearing Denied Aug. 8, 1996.

R. Lawrence Daly, Wright, Evans & Daly, Evansville, for Appellant.

R. Steven Krohn, Krohn and D'Amour, Evansville, for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Roger Alan Meyer ("Meyer") appeals the trial court's construction of a will in favor of Jeffrey Lynn Meyer, Kenneth Edward Meyer, Phyllis Meyer Berfanger, Ronald R. Meyer, Billy Joe Meyer, Judy Meyer Allen, and Ralph Lee Meyer, Jr. ("the Meyers"). We affirm in part and reverse in part.

### ISSUE

Whether the testamentary gift to Meyer included cattle and growing crops.

### FACTS

The facts are undisputed. On October 9, 1992, August Meyer executed his last will and testament, which provides in pertinent part as follows:

#### II.

I hereby give, bequeath, and bequest my entire estate, both real and personal to my beloved wife Lorraine Meyer to be hers absolutely and in fee simple.

#### III.

If my beloved wife shall predemise me I then give to my nephew Roger Alan Meyer my entire Farm including the Land, Buildings, and Equipment if he takes care of us until our demise. If there is any money left after this bequest I then give the sum of Ten Thousand ($10,000) Dollars each to my niece Judy Meyer Allen and nephew Steven Paul Meyer all to be theirs absolutely and in fee simple.

#### IV.

The rest and residue of my estate I hereby give and bequeath in equal shares to Jeffrey Lynn Meyer, Kenneth Edward Meyer, Ricky Wayne Meyer, Steven Paul Meyer, Billy Joe Meyer, Phyllis J. Meyer Berfanger, Judy A. Meyer Allen, Ralph Lee Meyer Jr., Ronald R. Meyer, and Jerald Lee Meyer they being my nephews and nieces, share and share alike.

#### V.

I hereby nominate and appoint my nephew Roger Alan Meyer as administrator of this my LAST WILL AND TESTAMENT and ask that he act without any bond.

(R. 6).

Lorraine died on April 12, 1993, and August died on June 10, 1994. August's will was admitted to probate on June 14, 1994, and Meyer was appointed as executor. In November, the Meyers filed a Petition to Construe Will and Determine Rights of Legatees wherein the Meyers asked the court to construe the phrase "entire Farm, including Land, Building and Equipment." Specifically, the Meyers argued that the phrase should be construed as not including, among other things, cattle and growing crops. The parties stipulated to the following pertinent facts:

5. Testator left a probate estate with death values as follows:

| | |
|---|---|
| Real Estate (farm land) | $122,500.00 |
| Bank accounts and cash on hand | 334,691.89 |
| Life insurance proceeds | 1,015.19 |
| Household furnishings and personal items | 1,338.50 |
| Farm and lawn equipment | 27,585.50 |
| Crops (estimated) | 3,500.00 |
| Livestock (37 head of cattle) estimated | 30,000.00 |
| Value Total Estate at Death | $520,631.08 |

6. The draftsman of Testator's Will was one Patricia O. Stinson, an accountant who prepared Testator's annual tax returns. Patricia O. Stinson is not a licensed lawyer

and is not directly connected with any lawyer or law firm.

7. The sole issue before this Court is to construe Item III of Testator's Will and specifically to determine the following questions:

A. Were the cattle included in the testamentary gift to Roger Alan Meyer?

B. Was the testator's share in the growing crops included in the testamentary gift to Roger Alan Meyer?

(R. 58–59). In October 1995, the trial court ordered that the cattle and the growing crops were not included in the testamentary gift to Meyer. It is from that order that Meyer appeals.

## DECISION

■ The interpretation, construction or legal effect of a will is a question to be determined by the court as a matter of law. *Hershberger v. Luzader,* 654 N.E.2d 841, 842 (Ind.Ct.App.1995). When construing the language of a will, our primary focus is upon the intent of the testator. *Id.* In determining the testator's intent, we look to the four corners of the will and the language used in the instrument. *Id.* Further, the words in a will are to be understood to have been used by the testator in their common and ordinary sense and meaning. *In re Estate of Shoptaugh,* 482 N.E.2d 1142, 1144 (Ind.Ct.App. 1985), *reh'g denied.*

Black's Law Dictionary (6th Edition) defines "farm" as follows:

A tract of land devoted to agriculture, pasturage, stock raising, or some allied industry.

## A. CATTLE

■ This court has previously found cattle are personal property. *Greives v. Greenwood,* 550 N.E.2d 334, 338 (Ind.Ct.App.1990). Thus, cattle are not necessarily included in the common and ordinary sense and meaning of "farm."

■ Nonetheless, without authority for his proposition, Meyer argues as follows:

In looking at the specific bequest to Roger Alan Meyer, we find the following:

"I ... give to my nephew Roger Alan Meyer my entire Farm *including* the Land, Buildings, and Equipment ..." (Emphasis added).

The word "including" in this bequest, shows that the Testator's intent was to give Roger Alan Meyer something more than the land, buildings and equipment associated with the entire farm.

Meyer's Brief, p. 20. Because he has failed to provide us with authority to support his proposition, Meyer has waived appellate review of this argument. *See, SCM Corp. v. Letterer,* 448 N.E.2d 686, 691 (Ind.Ct.App. 1983).

Waiver notwithstanding, Meyer's argument must fail. In *Department of Treasury of Indiana v. Muessel,* 218 Ind. 250, 32 N.E.2d 596, 598 (1941), our supreme court stated as follows:

The word 'including' may be used as meaning 'also' or 'in addition to', that is, as a term of enlargement. But this is the exceptional use of the word. Its ordinary use is as a term of limitation, as specifying particularly that which belongs to the genus.

If he had intended to use the word "including" as a term of enlargement rather than a term of limitation, August could have modified "including" with the phrase "but not in limitation of the foregoing." *See, Muessel.*

■ Lastly, Meyer argues that the "fact that the will was drawn by an unskilled person not trained in the law, is a factor that [the court] should weigh heavily in determining the testator's intent." Meyer's Brief, p. 19. In support of his argument, Meyer refers us to *Billings v. Deputy,* 85 Ind.App. 248, 146 N.E. 219, 221 (1925), wherein this court stated as follows:

That the will in question was crudely drawn, and that it was prepared by an unskilled person, needs not to be said, for such fact is apparent from a casual reading of the instrument. Such facts may be taken into consideration in construing it.

The *Billings* will, which contained inconsistent and conflicting provisions, is distinguishable from August's will. First, August's will was not crudely drawn. Second, the will does not contain inconsistent and conflicting

provisions. Although we could consider that the will was drafted by a layperson, we are not required to do so. Further, we decline Meyer's invitation to weigh this factor heavily in construing August's will. The cattle were not included in the testamentary gift to Meyer.

### B. *CROPS*

As the Meyers point out, we have held that growing crops can be personal property in certain circumstances. *See Dutton v. International Harvester*, 504 N.E.2d 313, 317 (Ind.Ct.App.1987). However, Indiana has long held that, in general, growing crops follow title to the realty without an agreement to the contrary. *Smith v. Frantz*, 59 Ind.App. 260, 109 N.E. 407, 410 (1915) (holding that crops planted by a tenant who knew that the crops would not be ready to harvest until after the end of the lease belonged to the landlord); *Turner v. Cool*, 23 Ind. 56, 58 (1864) (stating that the general common law rule is that growing crops follow title to realty).

Further, many other jurisdictions have held that growing crops are part of the realty when the land is sold or conveyed. *See, Estate of Niehenke v. Guske*, 117 Wash.2d 631, 818 P.2d 1324 (1991); *Womach v. Thomas*, 486 A.2d 15 (Del.Ch.1984). This well established principle also holds true for growing crops where the land is devised without specific provisions for the crops. *See Kobza v. Spath*, 166 Neb. 623, 90 N.W.2d 246 (1958) (stating that the crops standing upon the ground, matured or not, pass to the party to whom the land is devised unless specifically reserved). The concept that growing crops are part of the land is so imbedded in our law that August must have intended to include growing crops within the meaning of "farm." Because August's will contained no specific provision for growing crops, they were part of the realty and, thus, of the "farm" at the time of the devise.

Affirmed in part and reversed in part.

SHARPNACK, C.J., and RILEY, J., concur.